# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HENRY WESTON,<br><br>       Petitioner,<br><br>v.<br><br>BRIAN FOSTER,<br><br>       Respondent. | Case No. 19-CV-1104-JPS<br><br>**ORDER** |

   Petitioner Henry Weston has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of his constitutional rights. (Docket #1). He has also provided a motion for leave to proceed without prepayment of the $5.00 filing fee, which the Court will grant in light of Petitioner's averments that he is indigent and has no financial resources. (Docket #2). The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." The Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

In March 2010, Weston was charged with first degree intentional homicide, attempted first degree intentional homicide, and aggravated battery with intent to cause great bodily harm, in violation of Wis. Stat. §§ 940.01, 940.19(5) in Rock County Circuit Court Case No. 2010CF554. On January 13, 2012, the jury found Weston guilty of the charges and on April 30, 2012 he was sentenced to one life term of imprisonment, one forty-year term, and one ten-year term, to run concurrently.

The judgment of conviction was issued on April 30, 2012. Weston filed a notice of intent to pursue post-conviction relief on May 17, 2012. The motion for post-conviction relief was not actually filed until December 20, 2013. On October 13, 2016, the trial court denied the Petitioner's motion for a new trial. Petitioner appealed, and the Wisconsin Court of Appeals considered the four following grounds for appeal: (1) a witness's recanted testimony constituted newly discovered evidence; (2) Petitioner's Sixth Amendment right to confront witnesses was violated when he was not afforded the opportunity to impeach the witness; (3) trial counsel was ineffective for failing to investigate evidence and impeach the witness at trial; and (4) the circuit court improperly admitted evidence of Petitioner's statements to the police, which were allegedly involuntary. *State v. Weston*, 2018 WL 1586640, at *1 (Wis. Ct. App. Mar. 29, 2018). The Wisconsin Court of Appeals affirmed the trial court's judgment and the order denying post-conviction relief. *Id.* The Wisconsin Supreme Court denied Weston's petition for review on September 6, 2018.

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final

within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears the petition is timely. Weston initiated his appeal and post-conviction proceedings soon after entry of the judgment of conviction. Those proceedings concluded on September 6, 2018. Weston's judgment became final on December 5, 2018, which was the deadline to file a writ of certiorari from the Supreme Court. Weston filed the instant petition on July 30, 2019, which is within one year of the date that judgment became final. Thus, the Court cannot say that the petition is plainly barred by the statute of limitations.

Next, the Court analyzes whether Weston fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Weston appears to have exhausted his remedies as to three of the claims he raises in his petition. First, Weston alleges that his Sixth Amendment right to confront his witnesses was violated when the trial court refused to admit evidence impeaching one of the key witnesses. (Docket #1 at 6). Second, Weston alleges that he received ineffective assistance of counsel when his trial counsel failed to investigate evidence and impeach the key witness at trial. *Id.* 7–8. Third, the State's failure to disclose a potentially exculpatory statement that the key witness made to the Department of Corrections constitutes a Brady violation. *Id.* at 8. Finally, Weston argues that he is entitled to a new trial due to newly discovered evidence in the form of the key witness's recantation and other corroborating evidence. The Wisconsin Court of Appeals had occasion to consider all of these grounds except for the alleged Brady violation. *See Weston*, 2018 WL 1586640, at *2–6. It does not appear that Weston has exhausted this claim in the state courts.

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to

amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278.

Accordingly, the Court must give Weston a choice. This choice, however, will depend on the grounds upon which Weston seeks relief. Either Weston can: (1) dismiss this petition in its entirety in order to exhaust his remaining claim in state court; (2) move for a stay and abeyance while he returns to state court to exhaust his unexhausted claim; or (3) elect to proceed on only the exhausted claims described above. If he dismisses the unexhausted claim, then the Court will be able to consider only his exhausted claims.

If Weston elects option (2) and wishes to maintain his unexhausted claim and seek a stay and abeyance, he should file a separate motion for a stay and abeyance. In that motion, Weston will need to show that he "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. If Weston elects option (3) and wishes to dismiss his unexhausted claim and proceed only on his exhausted claims, then he should: (a) file an amended petition which does not include the unexhausted claim; and (b) file a separate letter telling the Court that he wishes to proceed only on his exhausted claims. Finally, if Weston elects option (1) and seeks to dismiss this action in its entirety so that he may exhaust his claim in the state court, he may notify the Court of that decision by letter. The Court hereby warns Weston that, if he proceeds only on the exhausted claims, he may not be able to proceed on his other claim(s) in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

Whichever course of action Weston elects to take, the Court will require him to file his amended petition, motion, or letter as described herein within **thirty (30) days** of the entry of this Order.

Accordingly,

**IT IS ORDERED** that, within **thirty (30) days** of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety while he exhausts his claim in state court; (2) move for a stay and abeyance of this action while he exhausts his unexhausted claim in state court; or (3) file a letter indicating that he wishes to proceed only on his exhausted claims and file an amended petition that does not include the unexhausted claim; and

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge