# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HENRY WESTON,

                Petitioner,

v.

BRIAN FOSTER,

                Respondent.

Case No. 19-CV-1104-JPS

**ORDER**

On December 30, 2019, the Court screened Petitioner's petition for a writ of habeas corpus. (Docket #7). The Court determined that Petitioner had exhausted three of his four asserted grounds for habeas relief, and offered Petitioner an array of options on how to proceed. *Id.* at 5. Petitioner elected to move for a stay and abeyance while he returns to state court to exhaust his unexhausted claim. (Docket #8). Petitioner explains that he would like to return to Rock County Circuit Court to exhaust the following issues:

> 1. that appellate counsel was ineffective for failing to argue trial counsel's failure to move for suppression of [a witness's] suggestive in-court, and out-of-court identification and the exploitation of the photo array line-up was prejudicial to Weston and denied him of a fair trial.
>
> 2. This Court has agreed that the Petitioner "does not appear he has exhausted his Brady Violation claim."

*Id*. at 3.

Weston explains that the reason he did not raise these claims earlier is because he was not aware of the factual or legal basis for his claims. *Id*. He argues that his indigency, his lack of legal knowledge, and his status as a *pro se* inmate are all valid reasons as to why he did not identify and exhaust his various claims earlier. *Id*. at 4. However, the cases that he cites in support of his position are not on point. Rather, they deal with post-conviction motions in state court rather than the federal court's standard to hold a motion in a stay and abeyance. *See e.g.*, *Kyle v. Pollard*, 847 N.W.2d 805, 809 (Wis. 2014) (discussing the deadline to file a motion for post-conviction relief); *State v. Howard*, 564 N.W.2d 753, 761–62 (Wis. 1997) (addressing a defendant's failure to include a claim in a post-conviction motion); *State v. Allen*; 786 N.W.2d 124, 125 (Wis. 2010) (affirming a lower court's decision that defendant was barred from raising an issue in a post-conviction motion when he failed to raise it in response to a no-merit report); *State v. Anderson*, 827 N.W.2d 928 (Table), 2013 WL 257153, at *1 (Wis. Ct. App. Jan. 24, 2013) (affirming order denying post-conviction motion).

Courts are not entirely clear as to what "good cause" entails for the purpose of holding a habeas motion in abeyance. The Seventh Circuit has upheld a district court's determination that an "unsound strategy of splitting [litigant's] claims, perhaps on a lack of legal knowledge, could not establish good cause because virtually any *pro se* prisoner could meet that standard." *Yeoman v. Pollard*, 875 F.3d 832, 838 (7th Cir. 2017). This, in turn, would run "contrary to the Supreme Court's directive that 'stay and abeyance should be available only in limited circumstances.'" *Id.* (quoting *Rhines*, 544 U.S. at 277). Nevertheless, in a three-member concurrence to the *Rhines* opinion, Justice Stevens noted that the "reference to 'good cause' for

failing to exhaust state remedies more promptly. . .is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner.'" *Rhines,* 544 U.S. at 279 (Stevens, J. concurring) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). This proves instructive as to the type of threshold a litigant must meet when seeking to hold a habeas motion in abeyance.

The Court must, therefore, balance two interests: on the one hand, safeguard that "good cause" is not so stringent a standard that it would bar unwary prisoners from attempting to thoroughly litigate their habeas petitions; on the other hand, ensure that stays and abeyances do not become par for the course for habeas petitioners, who will frequently be unlearned in the law, confined to prison, and without legal counsel. In *Huber v. Boughton*, for example, this Court found good cause for a stay and abeyance where the petitioner described his many attempts to review thousands of pages of documents using one computer shared by several hundred inmates, all with computer use restrictions. *See Huber v. Boughton*, 19-CV-42 (Docket #11). While the petitioner in *Huber* faced many of the same obstacles as other prisoners, he was able to explain why these obstacles prevented him from timely litigating his particular case.

In this case, Petitioner does not attempt to explain why obstacles common to many prisoners—lack of legal knowledge, *pro se* status, and incarceration—were germane to his failure to exhaust his specific claims. Nor is there any indication that Petitioner suffered from circumstances more trying than what a prisoner ordinarily experiences, which might explain his failure to exhaust the state law claims. Therefore, the Court does not find good cause to grant the motion for a stay and abeyance.

The Court appreciates that if the instant petition is dismissed, it "'effectively end[s] any chance at federal habeas review.'" *Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008) (quoting *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006)). However, the petition need not end here if Petitioner desires to proceed on his existing claims. In light of the Court's decision to deny his request for a stay and abeyance, Petitioner must decide between the following two options within the next **fourteen (14) days**. First, Petitioner may proceed solely on the basis of his existing, properly exhausted claims. If he elects this course of action, he is hereby notified that the Court will consider only the merits of those claims. This would restrict future federal habeas corpus review of any unexhausted claims because those claims would then be subject to the AEDPA's limitation on successive filings, as well as AEDPA's one-year statute of limitations. Second, Petitioner may voluntarily dismiss this action and proceed with additional post-conviction motion practice in Wisconsin courts. However, as with the first option, this choice may limit future federal habeas corpus review of Petitioner's claims in light of the AEDPA one-year statute of limitations.

Accordingly,

**IT IS FURTHER ORDERED** that Petitioner's motion for a stay and abeyance (Docket #8) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner shall file, no later than **fourteen (14) days** from the date of this Order, either: (i) a notice indicating that he wishes to proceed on his existing claims only; or (ii) a voluntary dismissal of his petition altogether. If Petitioner fails to file such a submission in accordance with the deadline set forth above, his petition will be dismissed without further notice. If Petitioner files a notice indicating

that he wishes to proceed on his exhausted claims only, the Court will issue an appropriate briefing schedule.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge