# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HENRY WESTON,

      Petitioner,

v.

BRIAN FOSTER,

      Respondent.

Case No. 19-CV-1104-JPS

**ORDER**

  On July 30, 2019, Petitioner filed a habeas petition raising four grounds for relief. (Docket #1). First, he alleged that "the [lower] court's exclusion of evidence regarding [a witness's] prior dishonest conduct was erroneous and violated the defendant's right to confrontation." *Id.* at 6. Second, "trial counsel['s] failure to investigate and submit evidence suggesting that [the witness] did not know his shooter's identity and failed to submit significant evidence regarding [the witness's] prior dishonest conduct. . ." *Id.* at 7. Third, "the state's failure to disclose [the witness's] statement to the Department of Corrections violated the defendant's constitutional and statutory rights to the disclosure of exculpatory evidence." *Id.* at 8. Fourth, "newly discovered evidence that would strengthen the false identification defense and undermine [the witness's] testimony," in the form of a recanted identification and other corroborating evidence demonstrating that the witness did not believe Petitioner was the shooter. *Id.* at 9; (Docket #1-1 at 5).

  The Court reviewed the Wisconsin Court of Appeals' disposition in Rock County Case Number 2010CF0554 to determine whether these

grounds had been exhausted. The state court considered whether Petitioner was entitled to a new trial on the following grounds:

> (1) newly discovered evidence in the form of [the witness's] recant[ed]. . .trial testimony; (2) violation of [Petitioner's] right to confrontation when the circuit court denied [Petitioner's] request to impeach [the witness] with specific prior acts of dishonest conduct; (3) ineffective assistance of counsel by failing to investigate and present additional evidence to impeach [the witness] at trial; and (4) the circuit court allowing the State to introduce [Petitioner's] statements to the police, which [Petitioner] claims were involuntary.

*State v. Weston*, 2018 WL 1586640, 915 N.W.2d 455 (Table) (Wis. Ct. App. Mar. 29, 2018). The state court concluded that Petitioner was not entitled to a new trial on these grounds, and the Wisconsin Supreme Court denied the petition for review.

Therefore, the Court determined that Petitioner's habeas petition could proceed on the following three grounds: (1) a violation of his Sixth Amendment right to confront his witness and impeach him; (2) a violation of his Sixth Amendment right to effective assistance of counsel with regard to the failure to impeach the witness; and (3) newly discovered evidence in the form of a witness's recanted testimony and other corroborating evidence. (Docket #7 at 4). The Court told Petitioner that he had not raised his exculpatory evidence claim in state court, so he could not use it as a ground for habeas relief. *Id.* The Court explained that Petitioner could either proceed on his three exhausted grounds for habeas; attempt to seek a stay and abeyance from the Court in order to exhaust the exculpatory evidence claim; or dismiss the entire action. *Id.* at 5.

Petitioner elected option two, and sought a stay and abeyance. (Docket #8). In his motion, he raised additional grounds for habeas relief, including that his appellate counsel was ineffective for failing to raise the issue of the witness's unreliable identification. However, Petitioner provided precious little explanation for why his circumstances warranted a stay and abeyance. *Id.* The Court denied the motion. (Docket #9). Petitioner then filed a motion for reconsideration and a motion for an extension of time, which the Court will address below. (Docket #10, #11).

Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). Since there is no judgment in this case, Petitioner's motion should be evaluated under Rule 60(b), which provides relief from "a final judgment, order, or proceeding." Rule 60(b) allows the Court to vacate an order based on, *inter alia*, excusable neglect, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

In support of his argument for reconsideration, Petitioner attaches letters that he wrote to his post-conviction counsel in 2013 and 2015, which document his attempts to convince post-conviction counsel to raise issues related to his trial counsel's allegedly ineffective handling of the witness's unreliable identification, including an improperly suggestive photo array. *See* (Docket #10-1). Petitioner demonstrated an interest in preserving these arguments and expressed disagreement with his counsel's failure to raise them. These letters do not address the exculpatory evidence claim that the

Court identified as unexhausted, but they do suggest that Petitioner has attempted to be diligent in preserving his rights as to other claims, and may not have been well advised as to how to proceed. The Court notes that inadequate post-conviction counsel may be cause for failure to raise certain ineffective assistance of counsel claims at the trial level. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). Additionally, while Petitioner should have filed a *Knight* petition challenging his post-conviction counsel's representation earlier, there is no deadline to filing a *Knight* petition, so this effort would not be futile. *See State v. Knight*, 484 N.W.2d 540 (Wis. 1992). While the Court may be skeptical of some of the claims, it is better to leave the first evaluation of the claims to the Wisconsin state courts. Finally, the Court does not find that Petitioner engaged in intentionally dilatory tactics. In light of these circumstances, the Court will grant the motion to hold the claims in abeyance while Petitioner exhausts his claims in state court.

The Court will impose one limitation on the stay it grants to Petitioner. He shall be required to file a status report with the Court every ninety days, detailing the progress of his efforts to exhaust his remedies in state court. Petitioner must file these reports until the exhaustion process is completed. Once completed, he may file a motion to re-open this action, which should be accompanied by an amended petition which includes only the claims he successfully exhausted. If Petitioner fails to file a status report as directed, this action will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (Docket #10) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for extension of time (Docket #11) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **STAYED** until further order of the Court;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this action; and

**IT IS FURTHER ORDERED** that Petitioner shall file a report on the status of his efforts to exhaust his state court remedies **every ninety (90) days** until that process is completed. If Petitioner fails to file any such status reports, this action will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge